UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

-against-

STEVEN SIMMONS,

                    Defendant.

-------------------------------------------------------X
HEATHER SIMMONS,

                    Third-Party Petitioner.

-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/19

17-CR-127 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Steven Simmons was sentenced by the Court after he pled guilty to conspiracy to commit securities fraud and wire fraud. As part of his sentence, he was ordered to forfeit certain real property he owned together with his former wife, Heather Simmons.[1] Heather has filed a petition with the Court pursuant to 21 U.S.C. § 853(n), claiming that she holds rights in the property Steven was ordered to forfeit.

The Government moves to dismiss Heather's petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons below, the Government's motion is GRANTED in part and DENIED in part.

## BACKGROUND

### I. Steven's Criminal Case

From approximately 2013 to 2017, Steven conspired with his co-defendant Joseph Meli

---

[1] For simplicity and to avoid confusion, the Court refers to Mr. and Mrs. Simmons by their first names.

and an unindicted co-conspirator to run a Ponzi-like scheme that ultimately resulted in more than thirty investors being defrauded of over $20 million dollars. (Pre-Sentence Investigation Report ¶ 37, ECF No. 110.)

On October 30, 2017, Steven pled guilty to conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371. (ECF No. 90.)

On April 3, 2018, this Court sentenced Steven principally to 37 months imprisonment and entered three preliminary orders of forfeiture, only one of which is relevant here. The relevant order (the "Order") required Steven to forfeit 77 Chicken Street, Wilton, Connecticut 06897 (the "Property"). (Prelim. Or. Forfeiture, ECF No. 135.) Steven did not consent to entry of the Order.

The factual basis for the forfeiture of the Property is contained in a sworn declaration by Sean Sweeney (the "Sweeney Declaration"). (*See* ECF No. 137, Ex. A.) Sweeney averred that on or about August 2014, Steven solicited an investment of approximately $5.95 million from a victim based upon false representations, and then diverted much of this money to himself and a co-conspirator. (*Id.* ¶ 6.) Sweeney further averred that Steven used a portion of the proceeds from the fraud to fund the purchase of the Property. (*Id.* ¶¶ 7–11.)

**II.    Heather's Petition**

On October 19, 2018, Heather, proceeding *pro se*, filed a petition asserting an interest in the Property (the "Petition"). (ECF No. 182.) Heather attached to her Petition (1) the deed to the Property; (2) an unsigned addendum to a marriage dissolution agreement (the "Addendum"); and (3) a Certificate of Dissolution of Marriage signed by the Assistant Clerk for the State of Connecticut Superior Court. (*Id.*, Exs. 2–4.) Subsequently, the Government submitted a copy of Heather and Steven's dissolution agreement (the "Dissolution Agreement"), which was filed

with the Connecticut Superior Court, to which the Addendum was attached.[2]   The facts in this section are taken from the Petition and the Exhibits thereto, as well as the Dissolution Agreement.   *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996) (stating that for purposes of a Rule 12(b)(6) motion, a district court may consider "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference").

Heather and Steven married in 2003 and took title to the Property in fee simple on September 30, 2014.   (Pet. ¶¶ 4, 5.)   A criminal complaint was filed against Steven on January 26, 2017 (the "Complaint").   (ECF No. 1.)   The Complaint did not contain any forfeiture allegations.

Steven was arrested the next day, on January 27, 2017, and Heather initiated divorce proceedings the following week.   (Pet. ¶¶ 6–7.)   In connection with the divorce, Steven agreed to quitclaim his interest in the Property in exchange for Heather's agreement to forgo any potential claim to child support from Steven.   (*Id.* ¶ 7; *see also id.*, Ex. 4.)   Heather alleges that "although [she] was aware of her husband's arrest at the time of the divorce proceedings, she was not aware that the [Property] had been purchased with fraudulent funds, and thus agreed to the Divorce Decree in good faith."   (*Id.* ¶ 18.)   She does not state on what date she and Steven reached this agreement.

Heather and Steven's Dissolution Agreement, with the Addendum attached, was filed with the Connecticut Superior Court on February 22, 2017.   (*See* Gov't's Dec. 7, 2018 Ltr., Ex. A.)   Steven was charged in an indictment (the "Initial Indictment") the following day, on

---

[2] This document has thus far been maintained under seal.

3

February 23, 2017. (ECF No. 16.) The Initial Indictment gave notice that the Government would seek forfeiture of "proceeds traceable" to Steven's crimes and specified certain assets for forfeiture. (*Id.*) The Property was not included in the list of assets.

The Government filed a forfeiture bill of particulars against Steven on March 23, 2017, which gave notice that the Property was subject to forfeiture as a result of the offenses described in Counts One through Five of the Initial Indictment. (ECF No. 28.) Heather and Steven's marriage was dissolved that same day. (*See* Pet., Ex. 3.)

### III. Procedural History

On December 6, 2018, the Government moved to dismiss Heather's Petition under Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Mem. Supp. Gov't's Mot. Dismiss ("Mem."), ECF No. 193.). On December 7, 2018, the Government submitted a letter to the Court indicating that it neglected to include Exhibit A to its memorandum, which contained a copy of Heather and Steven's Dissolution Agreement, and requesting to file the Exhibit under seal.

On February 27, 2019, Heather filed a memorandum in opposition to the Government's motion. (Pl.'s Opp'n to Defs' Mot. Dismiss ("Opp'n"), ECF No. 203.)

On March 18, 2019, the Government filed a reply memorandum in support of its motion. (Gov'ts Reply Mem. ("Reply"), ECF No. 206.)

### LEGAL STANDARD

### I. General Forfeiture Principles

The Court ordered forfeiture of the Property pursuant to 18 U.S.C. § 981(a)(1)(C).[3]

---

[3] 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision that is "integrated into criminal forfeiture law by 28 U.S.C. § 2461(c)." *United States v. Watts*, 786 F.3d 152, 175 n.15 (2d Cir. 2015). "Pursuant to 28 U.S.C. § 2461(c), any

4

Forfeiture made pursuant to § 981, including any related judicial proceeding, is governed principally by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2.

Under 21 U.S.C. § 853(a), a defendant "shall forfeit to the United States, irrespective of any provision of State law . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of [the] violation." 21 U.S.C. § 853(a)(1); *see also Honeycutt v. United States*, 137 S. Ct. 1626, 1632 (2017) (terming property forfeited pursuant to § 853(a) "tainted property"). Where "proceeds . . . obtained . . . as the result of [the] violation," § 853(a)(1), are invested in real property, equivalent equity in that real property constitutes tainted property under § 853(a). *See, e.g., United States v. Totaro*, 345 F.3d 989, 996 (8th Cir. 2003) (holding that, where a real property's "mortgage, real estate taxes and upkeep" were paid with criminal proceeds, equity in that property equivalent to the criminal proceeds used was forfeitable); *United States v. Caspersen*, 275 F. Supp. 3d 502, 504 (S.D.N.Y. 2017) (Rakoff, J.) ("When a mortgage for real property is paid using crime proceeds, the Government acquires an interest in that property[] to the extent of the sum . . . used to pay . . . the . . . mortgage." (citing *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 639 (lst Cir. 1988))); *United States v. Peterson*, 820 F. Supp. 2d 576, 584 (S.D.N.Y. 2011) (Chin, J.) (holding that, where a defendant paid his mortgage and funded renovations using criminal proceeds, equity in the real property in the amount of the proceeds invested was "offense property").

## II. Ancillary Proceeding

Section 853 and Federal Rule of Criminal Procedure 32.2 create a two-stage procedural framework for completing a forfeiture. "At stage one . . . , before entering a preliminary order

---

property that is subject to civil forfeiture as a result of a violation of federal law may also be subject to forfeiture in a federal criminal proceeding." *United States v. Daugerdas*, 892 F.3d 545, 548 n.2 (2d Cir. 2018).

5

of forfeiture, the court . . . adjudicate[s] the government's interest vis-à-vis the defendant 'without regard to any third party's interest in the property.'" *United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018) (quoting Fed. R. Crim. P. 32.2(b)(2)(A)). "[A]t stage two, before entering a final order of forfeiture, the court resolves any third-party petitioner's interests vis-à-vis the defendant." *Id.* The proceeding before this Court is in stage two.

During stage two, "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C § 853(n). Pursuant to § 853(n),

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The petition initiates an ancillary proceeding that "closely resembles a civil action," and the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (citing Fed. R. Crim. P. 32.2(c)(1)(A)).

A motion to dismiss the third-party petition "is evaluated on the same standard as a civil complaint on a motion under Rule 12(b)(6)." *Daugerdas*, 892 F.3d at 552. Accordingly, to survive a motion to dismiss, the petition need only "state[] 'enough facts to state a claim to relief that is plausible on its face.'" *United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015) (quoting *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011)). The Court "take[s] all factual allegations alleged in the petition to be true, but [it] need not do the same for legal conclusions." *Daugerdas*, 892 F.3d at 552 (internal citations omitted).

Because Heather proceeds *pro se*, the Court construes her submissions liberally and will not dismiss her Petition "unless 'it is clear that [she] would not be entitled to relief under any set of facts that could be proved consistent with the allegations" in her Petition. *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)).

## DISCUSSION

For Heather to establish her entitlement to relief under 21 U.S.C. § 853(n), she must demonstrate that she

> (A) . . . has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) . . . is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

### I. Section 853(n)(6)(A)

#### A. Heather's Petition

Heather's Petition, standing alone, does not plausibly allege that she has ever held any "right, title, or interest" in the Property that could support a claim under § 853(n)(6)(A). Although Heather alleges that she "was . . . an equal contributor to the couple's finances," (Pet. ¶ 4); "gave much of her personal savings to her husband to help him develop his business," (*id.*); and believed, at the time the Property was purchased, that "the money she and [Steven] were using to purchase the [Property] was legitimately earned," (*id.* ¶ 5), she does not allege in her Petition that any of her own lawfully-obtained assets were used to purchase the Property. She also does not contest the Court's finding, based on the Sweeney Declaration, that the funds used

7

to purchase the Property were traceable to the proceeds of Steven's criminal conduct. "By definition, the 'proceeds of an offense do not exist before the offense is committed,'" and any such proceeds "belong to the government from the moment that they come into existence." *Watts*, 786 F.3d at 166–67 (quoting *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007)). Thus, the allegations in Heather's Petition, without more, do not state a claim under § 853(n)(6)(A).

## B. The Closing Costs Claim

However, Heather's Opposition includes an additional allegation which, if true, may state a claim under § 853(n)(6)(A). In her Opposition, Heather alleges that she contributed "over $16,000 to the costs at closing of the [Property] in terms of attorney's fees, appraisal fees, taxes, surveys, and other expenses associated with the purchase of the home, which can be corroborated with [her] banking records" (the "Closing Costs Claim"). (Opp'n 3.)

The Government argues that (1) the Court should not consider Heather's Closing Costs Claim because it was not made "under penalty of perjury," as required by § 853; and (2) Heather has not provided authority for the proposition that the payment of closing costs gives rise to a legal interest in real property under Connecticut law. (Reply 6.)

Under the circumstances present here, the Government's first argument is unavailing. Heather proceeds *pro se*, and her failure to include the closing costs allegation in her Petition—which was signed under penalty of perjury—could easily be cured by amendment. Moreover, the general view among courts is that the purpose of requiring a § 853 petition to "be signed by the petitioner under penalty of perjury" is to ward against the "substantial danger of false claims in forfeiture proceedings." *United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 124 (E.D.N.Y. 2006) (quoting *Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989)). In this case, there is no indication that Heather's failure to include the Closing Costs Claim in her

8

Petition was due to the fact that her claim is false. She states in her Opposition that she can corroborate the closing costs allegation with bank records. Given those circumstances, the Court will consider the Closing Costs Claim. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his [or her] papers opposing the motion."); *Rosario v. New York City*, No. 12-CV-4795 (PAE), 2013 WL 2099254, at *1 n.1 (S.D.N.Y. May 15, 2013) (Engelmeyer, J.) (considering factual allegations contained in submissions made by *pro se* plaintiff in opposition to defendants' motion to dismiss to the extent those allegations were consistent with the complaint).

The Government's second argument is also unavailing. The Government argues that, even if the Court were to consider Heather's Closing Costs Claim, Heather's Petition should be dismissed because she does not provide legal authority for her assertion that her payment of closing costs using untainted funds vests in her any interest in the Property. (Reply 7.) This argument fails because, at this stage, the burden is on the Government to demonstrate that Heather's Petition does not state a plausible claim to relief. The Government has not provided, and the Court is not aware of, any authority for the proposition that the payment of closing costs using untainted funds would not give rise to a cognizable property interest under Connecticut law and § 853(n). A review of the caselaw demonstrates that, in determining the equitable distribution of real property among multiple parties, courts generally consider the parties' respective financial contributions to the property, which may include a party's payment of closing costs at the time of the property's purchase. *See, e.g., Lurie v. Lurie*, 943 N.Y.S.2d 261, 262 (App. Div. 2d Dep't 2012) (affirming equitable distribution of marital property where lower court credited party for the amount he contributed to closing costs); *see also Hackett v. Hackett*, 26 Conn. App. 149, 150, 598 A.2d 1103, 1103 (1991) (noting that, in an action for partition of

9

real property, a court may consider, among other things, a party's "past payments for mortgage, insurance, taxes, improvements and repairs").

The Government's motion to dismiss is DENIED with respect to Heather's Closing Costs Claim. This denial is without prejudice to the Government arguing, in a future dispositive motion, that Heather's Closing Costs Claim is not cognizable under § 853(n).

### C. The Business Contribution Claim

Heather also contends in her Opposition that she was a "significant financial contributor" to her and Steven's married life, and, more specifically, that she contributed $45,000 to Steven's business (the "Business Contribution Claim"). (Opp'n 3.) This allegation is not linked to any possessory interest in the Property, and thus cannot be the basis for a claim under 21 U.S.C. § 853(n). *See DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) (holding that, to meet the requirements of § 853(n), a petitioner must "possess[] . . . an interest 'in' a 'particular, specific asset' that is, or is part of, the forfeited property" (quoting *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997) (per curiam)). Therefore, the Government's motion to dismiss is GRANTED with respect to Heather's Business Contribution Claim.

## II. Section 853(n)(6)(B)

The remaining question is whether Heather has plausibly alleged that (1) she was a "bona fide purchaser for value" of the Property who (2) was "reasonably without cause to believe that the [P]roperty was subject to forfeiture" at the time she obtained an interest in the Property. 21 U.S.C. § 853(n)(6)(B).

### A. Closing Costs and Business Contribution Claims

In arguing that she is entitled to relief under § 853(n)(6)(B), Heather relies, first, on Closing Costs and Business Contribution Claims described above.

"[Section 853(n)(6)(B)] exists only to protect subsequent purchasers of '*the defendant's*

10

*interest'* in an asset." *United States v. Soreide*, 461 F.3d 1351, 1356 (11th Cir. 2006) (quoting *United States v. Kennedy*, 201 F.3d 1324, 1330 (emphasis in original))). Accordingly, in order to qualify for relief under § 853(n)(6)(B), Heather must allege that she gave value for *Steven's* interest in the Property. Heather's Closing Costs and Business Contribution Claims do not satisfy this requirement because they did not involve the purchase of a property interest that already belonged to Steven. The Closing Costs Claim pertains to money Heather paid at the time she and Steven initially acquired the Property from a third a party, and the Business Contribution claim is not linked to any property interest. Thus, neither allegation entitles Heather to relief under §853(n)(6)(B).[4]

In support of her argument to the contrary, Heather relies on *United States v. Gray*, CR-16-123-R, 2017 WL 2544136, at *4 (W.D. Okla. June 12, 2017), which held that a petitioner who acquires his or her interest contemporaneously with the defendant—rather than purchasing the defendant's interest at a later date—may nevertheless bring a claim under the bona fide purchaser provision. The Court explained that to hold otherwise would raise due process concerns because a petitioner who alleged that he or she contributed untainted funds to the purchase or maintenance of a property would be left without recourse. *Id.* Those concerns are not present here, because: (1) Heather may pursue her Closing Costs Claim under § 853(n)(6)(A); and (2) as the Court explained in the previous paragraph, Heather's Business Contribution Claim is not linked to any property interest. The Court thus declines to follow *Gray*.

For the foregoing reasons, the Government's motion to dismiss is GRANTED to the

---

[4] The extent to which Heather is entitled to relief under 21 U.S.C. § 853(n)(6)(A) based on her Closing Costs and Business Contribution Claims is addressed in the prior section.

extent that Heather may not pursue a claim under § 853(n)(6)(B) based on her Closing Costs Claim or her Business Contribution Claim.

## B. Agreement to Forego Child Support in Exchange for the Property

Heather also alleges that her agreement to forgo child support in exchange for Steven deeding his interest in the Property to her satisfies § 853(n)(6)(B). (Pet. ¶ 7.) The Government contends, however, that at the time Heather obtained Steven's interest in the Property, she was not "reasonably without cause to believe" the Property was subject to forfeiture.

Where a petitioner has actual or constructive notice that a property is subject to forfeiture at the time he or she acquires an interest in it, he or she cannot satisfy § 853(n)(6)(B). *See Watts*, 786 F.3d at 173. The test "is an objective[ ] rather than subjective[ ] one and examines 'not merely whether the petitioner had knowledge of the forfeitability of the asset but whether the petitioner reasonably held the belief that the property was not subject to forfeiture.'" *United States v. Dreier*, 952 F. Supp. 2d 582, 588 (S.D.N.Y. 2013) (Rakoff, J.) (quoting *United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2261117, at *8 (S.D.N.Y. June 18, 2012) (Koeltl, J.)).

The Government points to the following facts as demonstrating that Heather knew, or should have known, the Property was forfeitable: (1) by the time Heather filed for divorce, the criminal Complaint had been filed against Steven and he had been arrested; (2) Heather acknowledges that she was aware of Steven's arrest (*see* Pet. ¶ 18); (3) Heather and Steven took title to the Property during the time period in which the crimes charged in the Complaint were alleged to have occurred; (4) the crimes alleged in the Complaint were financial in nature; and (5) the Dissolution Agreement was not entered into at arms length. (Gov't Mem. 22–23.)

Heather did not respond to this argument in her Opposition. A district court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434,

446 (S.D.N.Y. 2004) (Conner, J.); *see also Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) (Sweet, J.) (collecting cases). Where a *pro se* petitioner fails to respond to defendant's argument that a claim should be dismissed, however, the Court has an obligation to nevertheless consider the claim on its merits. *See, e.g.*, *Rush v. Canfield*, 649 F. App'x 70, 71 (2d Cir. 2016) (holding that district court erred by determining that *pro se* plaintiff abandoned claims by failing to respond to defendants' argument that those claims should be dismissed).

Heather is therefore ordered to submit a letter to the Court stating whether she wishes to pursue her claim that she is a bona fide purchaser for value based on her agreement to forgo child support in exchange for Steven's interest in the Property, and upon what she relies to claim that the Dissolution Agreement was entered into at arm's length, or whether she has abandoned that claim. The letter must be submitted to the Court by August 16, 2019.

## CONCLUSION

The Government's motion to dismiss Heather's Petition is GRANTED in part and DENIED in part. Specifically:

- The Government's motion to dismiss is GRANTED with respect to any claims pursuant to 21 U.S.C. § 853(n) based on the Business Contribution Claim.

- The Government's motion to dismiss Heather's Petition is DENIED with respect to Heather's Closing Costs Claim, without prejudice to the Government arguing, in a future dispositive motion, that the payment of closing costs cannot give rise to a claim under § 853(n).

- The Court reserves decision on whether to dismiss Heather's claim that she is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(b) based on her agreement to forgo child support in exchange for Steven's interest in the Property.

By August 16, 2019, Heather is ordered to submit a letter to the Court stating whether she wishes to pursue her claim that she is a bona fide purchaser for value based on her agreement to forgo child support in exchange for Steven's interest in the Property, or whether she has abandoned that claim.

Also by August 16, 2019, the Government is ordered to publicly file Exhibit A to its motion to dismiss, which it submitted under seal as an Exhibit to its December 7, 2018 Letter.

The Clerk of Court is directed to mail a copy of this Opinion and Order to Heather.

SO ORDERED.

Dated: New York, New York
August 2, 2019

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge