UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------
X

UNITED STATES OF AMERICA

-against-

STEVEN SIMMONS,

Defendant.

-----------------------------------------------------------
X

HEATHER SIMMONS,

Third-Party Petitioner.

-----------------------------------------------------------
X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/16/19_

17-CR-127 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Steven Simmons was sentenced by the Court after he pled guilty to conspiracy

to commit securities fraud and wire fraud. As part of his sentence, he was ordered to forfeit 77

Chicken Street, Wilton, Connecticut 06897 (the "Property"), which he owned together with his

former wife, Heather Simmons.[1]  On October 19, 2018, proceeding *pro se*, Heather filed a petition

with the Court pursuant to 21 U.S.C. § 853(n), claiming that she holds rights in the Property (the

"Petition"). (ECF No. 182). On December 6, 2018, the Government moved to dismiss the Petition.

(ECF No. 192). On August 2, 2019, the Court granted in part and denied in part the Petition and

ordered Heather to advise the Court whether she still wishes to pursue her claim that she is a bona

fide purchaser for value, on the ground that she allegedly agreed to forgo child support in exchange

for Steven's interest in the Property. (ECF No. 209). In a letter filed August 14, 2019, Heather

---

[1] For simplicity and to avoid confusion, the Court refers to Mr. and Mrs. Simmons by their first
names.

confirmed that she wishes to do so. (ECF No. 210). For the reasons below, the Government's motion to dismiss the Petition is GRANTED with respect to this claim.

## DISCUSSION

A third party who seeks to recover his or her interest in property ordered forfeited to the United States may do so under § 853(n)(6)(B) by demonstrating that he or she "is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015) (citing 21 U.S.C. § 853(n)(6)(B)). A third party must prove her claim by a preponderance of the evidence. 21 U.S.C. § 853(n)(6).

Heather claims she is a bona fide purchaser because the divorce agreement by which Steven transferred the Property to her was transacted at arm's length. Her position is not persuasive. The transfer took place while Heather and Steven were living together at the Property, less than one month after Steven was arrested on charges arising from a fraudulent scheme that was ongoing at the time he purchased the Property. Heather's claims that she has been "estranged" from Steven for more than four years, and had "no special relationship" with him during the divorce proceedings, are undermined by her February 1, 2018 letter to the Court, in which she described how close they were, stating, *inter alia*, "the friendship that has always been at the core of our relationship has remained intact"; "[n]ot only do we share parenting responsibilities, but we also share a house, a friendship and a life"; "[w]e remain committed not just to co-parenting, but also to standing by each other and standing strong as a family, no matter what comes our way"; and "[t]he importance of [Steven's] involvement in our daily lives cannot be understated." (ECF No. 130, Ex. A). The transfer was not conducted at arm's length.

Heather also fails to demonstrate that she gave "value" in exchange for the Property.

2

Heather states in her August 14, 2019 letter that, following Steven's arrest, she realized that "the financial burden of raising [her and Steven's son] would likely now fall entirely on" her. (ECF No. 210 at 1). She thus did not expect to receive child support payments from Steven. Her claim that she forewent child support payments in exchange for the Property is baseless.

Finally, Heather fails to demonstrate that she was "reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B). Heather concedes she knew of Steven's arrest at the time of the divorce proceedings that led to the transfer of the Property. (ECF No.182 ¶ 18). The public criminal complaint against Steven alleged that Steven had engaged in a fraudulent scheme from in or about 2013 through 2017, during which time Steven purchased the Property. Thus, under an "objective" standard, Heather cannot plausibly allege she was "reasonably without cause" to believe the Property was not subject to forfeiture.

## CONCLUSION

The Government's motion to dismiss Heather's Petition is GRANTED with respect to Heather's claim that she is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B) based on her agreement to forgo child support in exchange for Steven's interest in the Property.

The Clerk of Court is directed to mail a copy of this Opinion and Order to Heather.

SO ORDERED.

Dated: New York, New York
September 16, 2019

_Kimba m. Wood_

KIMBA M. WOOD
United States District Judge

3