```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  1/4/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

STEVEN SIMMONS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NEILA FORTINO, TOWN OF WILTON, and

HEATHER SIMMONS

    Third-Party Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND ORDER

S1 17 Cr. 127 (KMW)

WHEREAS, on or about September 5, 2017, STEVEN SIMMONS (the "Defendant"), and another, were charged in a six-count Superseding Indictment, S1 17 Cr. 127 (KMW) (the "Indictment"), with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Counts Two and Five); wire fraud, in violation of Title 18, United States Code, Sections 1343 & 2 (Counts Three and Four);

and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment and certain specific properties;

WHEREAS, the Government has filed a Mortgage from Steven and Heather Simmons in favor of the United States of America purporting to secure a bond in *United States of America v. Steven Simmons*, in the United States District Court for the Southern District of New York, bearing Docket Number 1:17-cr-00127-KMW (the "Action"), as dated and recorded on February 10, 2017 in volume 2467 at page 370 of the Town of Wilton land records;

WHEREAS, the Government has filed a Lis Pendens dated March 30, 2017 and recorded on April 6, 2017 in Volume 2470 at page 150 of the Town of Wilton land records;

WHEREAS, the Government has filed a Lien dated April 3, 2018, executed on April 25, 2018 and recorded on October 28, 2019 in Volume 2502 at page at page 469 of the Town of Wilton land records;

WHEREAS, the Government has filed a Judgment dated April 3, 2018, executed on April 25, 2018 and recorded on December 27, 2019 in Volume 2504 at page 717 of the Town of Wilton land records;

WHEREAS, on or about March 23, 2017, the Government filed a Forfeiture Bill of Particulars in the Action which gave notice that the following specific property was subject to forfeiture as a result of the offenses charged in Counts One through Five of the Indictment: all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 77 Chicken Street, Wilton, Connecticut 06897 (the "Specific Property") (Dkt. No. 28);

WHEREAS, on or about April 4, 2018, the Court entered a Preliminary Order of Forfeiture (the "Forfeiture Order") against the Defendant forfeiting all of the Defendant's right, title, and interest in the Specific Property (Dkt. No. 145);

WHEREAS, on or about April 4, 2018, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment imposing a forfeiture money judgment in the amount of $6,900,000 against the Defendant (the "Money Judgment")(Dkt. No. 146);

WHEREAS, the Forfeiture Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Forfeiture Order, notice of the United States intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Forfeiture Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the First Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on April 17, 2018, for thirty (30) consecutive days, through May 16, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on November 30, 2020 (Dkt. No. 236);

WHEREAS, on or about May 11, 2018, Neila Fortino ("Ms. Fortino") filed a Verified Ancillary Petition of Claim in the Action asserting a claim of interest in the Specific Property (Dkt. No. 60);

WHEREAS, on or about October 12, 2018, the Town of Wilton filed a Verified Claim and Petition for Hearing with this Court claiming an interest in the Specific Property arising from outstanding real estate property taxes owed (the "Wilton Petition") (Dkt. No. 181);

WHEREAS, on or about October 19, 2018, Heather Simmons ("Ms. Simmons") filed a Third Party Petition (the "Simmons Petition") asserting an interest in the Specific Property (Dkt. No. 182);

WHEREAS, on or about August 2, 2019, the Court entered an Opinion and Order, granting in part and denying in part, the Government's motion to dismiss the Simmons Petition (Dkt. No. 209);

WHEREAS, the Defendant, Ms. Fortino, Ms. Simmons and the Town of Wilton are the only persons and/or entities known by the Government to have a potential interest the Specific Property;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no other petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Government recognizes Ms. Fortino's interest is superior to the Government's interest; and

WHEREAS, the Government, Ms. Fortino, Ms. Simmons and the Town of Wilton in order to avoid further litigation, have determined to resolve each of their claims in the Specific Property on the terms and conditions set forth below.

IT IS HEREBY STIPULATED AND AGREED, by and among the United States of America, by Audrey Strauss, the Acting United States Attorney for the Southern District of New York, Elisha Kobre, Assistant United States Attorney, of counsel, Ms. Fortino and Ms. Simmons, that:

1. Ms. Fortino has a superior interest in the Specific Property to the interest of the Government in the Specific Property pursuant to Title 21 United States Code, Section 853(n)(6)(A) and the Government warrants and agrees to quit claim any and all interest the Government claims or may claim in the Specific Property or any interests of Ms. Fortino in and to the Specific Property. Said quitclaim shall reference and release all encumbrances of record in favor of the Government as more specifically set forth herein.

2. Ms. Simmons withdraws with prejudice the Simmons Petition asserting an interest in the Specific Property and agrees to quit claim all interest or claims she has or may have in and to the Specific Property thereby releasing Ms. Fortino from any and all encumbrances, recorded or inchoate, that were in favor of Ms. Simmons.

3. The Town of Wilton withdraws with prejudice the Wilton Petition asserting an interest in the Specific Property.

-6-

4. Steven Simmons has asserted an interest or has an interest of record which he agrees to relinquish by executing a quit claim deed in favor of Ms. Fortino.

5. Upon Ms. Fortino delivering to Ms. Simmons her Mutual Release Agreement together with a copy of her executed Satisfaction of Judgment in the action referenced in paragraph 8 below, and in simultaneous exchange for Ms. Simmons's, Steven Simmons's and the Government's original executed quitclaim deeds to the Specified Property at the Closing of title ("Closing"), Ms. Fortino shall be entitled to immediate possession of the Specific Property. Ms. Simmons and Steven Simmons covenant and agree that by delivery of their executed quitclaim deeds in form substantially as attached hereto as Exhibit A to Ms. Fortino in exchange for the Mutual Release Agreement and Satisfaction of Judgment referred to above, they will simultaneously deliver to Ms. Fortino exclusive possession of the Specific Property in its "as is" condition, broom-clean, free of all debris, litter and furnishings, together with all fixtures and appliances and shall further deliver all keys, garage door openers (if any), and alarm codes (if applicable) in Ms. Simmons' and Steven Simmons's possession. Ms. Fortino shall have the right to make one (1) accompanied final inspection of the Specific Property after Ms. Simmons and Steven Simmons have vacated the Specified Property. The Closing of title shall take place within ten (10) business days following Ms. Fortino's preclosing inspection, provided this Stipulation has been approved by the captioned U. S. District Court, said Closing to be held at the law offices of Ms. Fortino's counsel Attorney John W. Madigan III, whose office

is located at 3 New Canaan Way, Norwalk, Connecticut 06850. In the event that Ms. Simmons or Steven Simmons do not execute the quitclaim deeds as required herein and provide them to Ms. Fortino's counsel at the Closing referenced above then they shall be deemed to be in default, and this Stipulation shall be considered a Judgment upon which Ms. Fortino may seek execution for specific performance to obtain exclusive possession of the Specific Property, as well as all contents and personal property remaining therein. All costs of the execution shall be deducted from the Net Proceeds, as defined in paragraph 9 below. Ms. Simmons or Steven Simmons shall deliver their original quitclaim deeds to Ms. Fortino's counsel, at the Closing. The Government shall retain all rights afforded to it under the law and Forfeiture Order until Ms. Simmons and Steven Simmons deliver said quitclaim deeds and exclusive possession of the Specific Property to Ms. Fortino, and forever vacate the Specific Property.

    6. All terms, provisions and obligations of the parties to this Stipulation and Order shall survive the Closing date. The parties covenant and agree that there are no other claims to the Specific Property other than the claim filed in this Action by the Town of Wilton ("Wilton") pursuant to alleged tax liens on the Grand Lists of 2017 and 2018. Although Wilton's claim does not consist of the alleged real property taxes due and owing for the 2019 and 2020 Grand Lists, the parties anticipate Wilton making a claim for these years. The taxes for the Grand Lists of 2016, 2017, 2018, 2019 and 2020 and statutory interest due and owing shall be paid from the sales proceeds of the Specific Property at the time of the Closing.

7. After Ms. Simmons and Steven Simmons have completely vacated the Specified Property, Ms. Fortino, her real estate agent and home inspector shall be permitted access to the Specific Property for up to three (3) hours accompanied by Ms. Simmons's representative upon reasonable written notice to Ms. Simmons's Counsel, Richard J. Diviney, Esq., Sherwood & Garlick P.C., 65 Jesup Road, Westport, Connecticut 06880 in order to conduct a walk-through inspection for information purposes only in order to evaluate the Specific Property and to inventory fixtures and appliances.

8. Ms. Fortino agrees that upon receipt of all three signed quitclaim deeds and delivery of exclusive possession of the Specific Property in accordance with paragraph 5- herein, she will instruct her counsel to file her Satisfaction of Judgment solely as to Ms. Simmons in the action captioned, *Fortino v. Simmons et al.*, Connecticut Superior Court Docket No. FST-CV17-5016473-S (the "Connecticut Action"), in the Connecticut Superior Court and Ms. Fortino shall cause same to be recorded in the land records of the Town of Wilton, Connecticut. Ms. Simmons agrees to waive the Satisfaction of Judgment service requirements set forth in Conn. Gen. Stat. § 52-350e and accept delivery of a copy of the Satisfaction of Judgment at the Closing. Ms. Fortino's Judgment as to all other Defendants in that case remains unsatisfied.

9. Ms. Fortino, Ms. Simmons and Steven Simmons agree that after Ms. Fortino's receipt of the sales proceeds from the Specific Property, and after payment of any real

-9-

estate agent or broker's commission, conveyance taxes (state and municipal), recording fees, all real estate taxes past due, including the real estate taxes owed to the Town of Wilton, and any real estate attorneys' fees and costs due and owing (the balance of the proceeds being the "Net Proceeds"), the first $350,000 of the Net Proceeds will be credited against Ms. Fortino's Judgment against Ms. Simmons in the Connecticut Action. To the extent that there are sums remaining affect this credit, said sums will be applied against the Judgment as to Steven Simmons in the Connecticut Action.

10. The Government shall credit the Net Proceeds towards the satisfaction of the Money Judgment.

11. Ms. Fortino, Ms. Simmons and the Town of Wilton (collectively, the "Petitioners") are hereby barred from asserting, or assisting others in asserting, any claims against the United States of America ("USA"), the Department of Justice ("DOJ"), the United States Attorney's Service for the Southern District of New York ("SDNY-USAO"), the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS"), or any agents or employees of the USA, the DOJ, the SDNY-USAO, the FBI, the USMS, as well as local and state agents, officers or employees, past and present, in connection with or arising out of the seizure, restraint and/or constructive possession of the Specific Property, including, but not limited to, any claim that there was no probable cause to freeze, seize and/or forfeit the Specific Property or that the Petitioners are entitled to attorney's fees or any award of interest.

12. The Petitioners hereby agree to waive all rights to appeal or otherwise contest the validity of this Stipulation and Order.

13. Each party signing this Stipulation and Order warrants that they are authorized to sign this Stipulation and Order on behalf of the party for whom their signature appears.

14. Each party shall bear its own costs and attorney's fees.

15. This Stipulation and Order constitutes the complete agreement between the parties hereto on the matters raised herein. No other statement, promise or agreement, either written or oral, made by any party of agents or of any party that is not contained in this written Stipulation and Order shall be enforceable and this Stipulation and Order may not be amended except by written consent thereof.

16. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be faxed, scanned or emailed, and such signatures shall be treated as originals.

**********SIGNATURE PAGE TO FOLLOW**********

Agreed and consented to:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

BY: _____    _____
    ELISHA KOBRE                                              DATE
    Assistant United States Attorney
    One St. Andrews Plaza
    New York, New York 10007
    Tel.: (212) 637-2216

NEILA FORTINO

BY: */s/ Neila Fortino*    12/14/20
    NEILA FORTINO                                            DATE

HEATHER SIMMONS

BY: _____    _____
    HEATHER SIMMONS                                    DATE
    Petitioner, Pro Se

STEVEN SIMMONS

BY: _____    _____
    STEVEN SIMMONS, Defendant                     DATE

*********SIGNATURE PAGE CONTINUED ON NEXT PAGE*********

Agreed and consented to:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

BY: _____     DATE _____
　　ELISHA KOBRE
　　Assistant United States Attorney
　　One St. Andrews Plaza
　　New York, New York 10007
　　Tel.: (212) 637-2216

NEILA FORTINO

BY: _____     DATE _____
　　NEILA FORTINO

HEATHER SIMMONS

BY: _/s/ Heather Simmons_____     12/14/20
　　HEATHER SIMMONS                        DATE
　　Petitioner, Pro Se

STEVEN SIMMONS

BY: _____     DATE _____
　　STEVEN SIMMONS, Defendant

*********SIGNATURE PAGE CONTINUED ON NEXT PAGE*********

Agreed and consented to:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

BY: _____          _____
    ELISHA KOBRE                                 DATE
    Assistant United States Attorney
    One St. Andrews Plaza
    New York, New York 10007
    Tel.: (212) 637-2216


NEILA FORTINO

BY: _____          _____
    NEILA FORTINO                                DATE


HEATHER SIMMONS

BY: _____          _____
    HEATHER SIMMONS                              DATE
    Petitioner, Pro Se


STEVEN SIMMONS

BY: _____          12/14/20
    STEVEN SIMMONS, Defendant                    DATE


*********SIGNATURE PAGE CONTINUED ON NEXT PAGE*********

THE TOWN OF WILTON

BY: _____  12-15-20
ITS: Attorney                  DATE

REVIEWED BY COUNSEL FOR NEILA FORTINO:

_____        _____
DAVID MARTIN, ESQ.             DATE
Cummings & Lockwood, LLC
Attorney for Neila Fortino
Six Landmark Square
Stamford, CT 06901

REVIEWED BY COUNSEL FOR TOWN OF WILTON:

_____        12-15-20
BRYAN LECLERC, ESQ.            DATE
Berchem Moses, P.C.
Attorney for the Town of Wilton
75 Broad Street
Milford, CT 06460

SO ORDERED:

_____        1/4/21
HONORABLE P. KIMBA M. WOOD     DATE
UNITED STATES DISTRICT JUDGE

6163851.1.docx 12/14/2020

THE TOWN OF WILTON

BY: _____     _____
ITS:                                              DATE

REVIEWED BY COUNSEL FOR NEILA FORTINO:

_____          12/14/20
DAVID MARTIN, ESQ.                        DATE
Cummings & Lockwood, LLC
Attorney for Neila Fortino
Six Landmark Square
Stamford, CT 06901

REVIEWED BY COUNSEL FOR TOWN OF WILTON:

_____          _____
BRIAN LECLERC, ESQ.                       DATE
Berchem Moses, P.C.
Attorney for the Town of Wilton
75 Broad Street
Milford, CT 06460

SO ORDERED:

_____          1/4/21
HONORABLE P. KIMBA M. WOOD                DATE
UNITED STATES DISTRICT JUDGE

6163851.1.docx 12/15/2020

-13-

Agreed and consented to:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

BY: _____     12/28/20
    ELISHA KOBRE                                    DATE
    Assistant United States Attorney
    One St. Andrews Plaza
    New York, New York 10007
    Tel.: (212) 637-2216

NEILA FORTINO

BY: _____     _____
    NEILA FORTINO                                   DATE

HEATHER SIMMONS

BY: _____     _____
    HEATHER SIMMONS                                 DATE
    Petitioner, Pro Se

STEVEN SIMMONS

BY: _____     _____
    STEVEN SIMMONS, Defendant                       DATE

*********SIGNATURE PAGE CONTINUED ON NEXT PAGE*********